UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PANELTOUCH TECHNOLOGIES LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BOE TECHNOLOGY GROUP CO., LTD.,<br><br>　　　　　　Defendant. | Case No.  2:25-cv-00245<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
<u>BOE TECHNOLOGY GROUP CO., LTD.</u>**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Paneltouch Technologies LLC ("Plaintiff") makes the following allegations against BOE Technology Group Co., Ltd. ("BOE" or "Defendant"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Plaintiff: United States Patents No. 8,704,762 (the "'762 Patent"), 8,803,836 (the "'836 Patent"), 9,250,758 (the "'758 Patent"), 9,507,477 (the "'477 Patent"), and 11,126,025 (the "'025 Patent") (collectively, the "Asserted Patents").

**THE PARTIES**

2. Plaintiff is a limited liability company organized and existing under the laws of the state of Texas.

1

3. Upon information and belief, BOE is a corporation organized and existing under the laws of China with a registered address at 10 Jiuxianqiao Road, Chaoyang District, Beijing, 100015, P. R. China, and an office address at 12 Xihuan Middle Road, Beijing Economic-Technological Development Area, 100176, P. R. China.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has established minimum contacts with the United States as a whole and with Texas such that subjecting Defendant to personal jurisdiction in this Court will not offend traditional notions of fair play and substantial justice. Defendant has purposely availed itself of the laws and protections of the United States and the State of Texas by knowingly supplying and/or contracting to supply display panels for incorporation into products to be sold, offered for sale, imported, and used in the United States, the State of Texas, and in this District. Defendant has targeted the United States by conducting regular business therein, and has placed and continues to place its products into the stream of commerce through an established distribution channel with the expectation and/or knowledge that they will be purchased by consumers in the United States, the State of Texas, and this District. On information and belief, BOE knows or should be aware that finished consumer products incorporating the Accused Products are sold by U.S. companies and distributors to consumers in

this District, including through websites targeting U.S. customers. Plaintiff's claims for patent infringement arise directly from and/or relate to this activity.

6.    Defendant also represents itself as a global entity with a substantial presence in the United States, both directly and through stream of commerce sales of Accused Products that are intended to, and in fact are, sold in the United States. *E.g.*, https://www.boe.com/en/about/index ("[Defendant's] subsidiaries span 20 countries and regions, including the United States, Germany, Britain, France, Switzerland, Japan, South Korea, Singapore, India, Russia, Brazil and the United Arab Emirates. Its service network covers major regions in Europe, the Americas, Asia, Africa and beyond."). In addition, "one out of four display products in the world comes from BOE" and its display products, including the Accused Products, are intended to be sold "abroad." *Id.*

7.    Defendant has not moved to transfer cases filed in this District in the past, including but not limited to *Element Capital Commercial Company Pte. Ltd v. BOE Technology Group Co., et al.*, Case No. 2:22-cv-00118-JRG (E.D. Tex.), *Vista Peak Ventures, LLC v. BOE Technology Group Co., Ltd.*, Case No. 2:18-cv-00431-JRG (E.D. Tex.), *Optronic Sciences LLC v. BOE Technology Group Co., Ltd.*, Case No. 2:23-cv-00549-JRG, and *Optronic Sciences LLC v. BOE Technology Group Co., Ltd.*, Case No. 2:24-cv-00577-JRG.

8.    Venue is proper in this District under 28 U.S.C. §§ 1391(a)-(d) and 1400(b). Defendant is a foreign corporation that does not reside in the United States and may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,704,762

9.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

10. Plaintiff owns by assignment U.S. Patent No. 8,704,762, entitled "Display device." The '762 Patent was duly and legally issued by the United States Patent and Trademark Office on April 22, 2014.

11. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("'762 Accused Products"), such as the BOE OLED panel supplied to Valve and included in the Steam Deck, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '762 Patent. Defendant is liable for infringement of the '762 Patent pursuant to 35 U.S.C. § 271(a).

12. Defendant also knowingly and intentionally induces infringement of one or more claims of the '762 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendant has had knowledge of the '762 Patent and the infringing nature of the '762 Accused Products. Despite this knowledge of the '762 Patent, Defendant continues to actively encourage and instruct its direct and indirect customers to directly infringe the '762 Patent. For example, on information and belief, Defendant specifically instructs Valve or manufacturers associated with Valve to make, use, sell, offer for sale, and import devices that meet all the limitations of one or more claims of the '762 Patent. On information and belief, Defendant takes similar actions with other customers. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its customers, to directly infringe one or more claims of the '762 Patent because Defendant had knowledge of the '762 Patent and actively induced others (*e.g.*, its direct and indirect customers) to directly infringe the '762 Patent.

13. Defendant also contributorily infringes pursuant to 35 U.S.C. § 271(c) by making, using, selling, offering to sell, commercially distributing, and/or importing the '762 Accused Products, knowing that they constitute a material part of the invention, are especially made or adapted for use in infringement, and are not staple articles of commerce capable of substantial non-infringing use.

14. The '762 Accused Products satisfy all claim limitations of one or more claims of the '762 Patent. A claim chart comparing independent claim 1 of the '762 Patent to representative '762 Accused Products is attached as Exhibit 1.

15. By making, using, offering for sale, selling and/or importing into the United States the '762 Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '762 Patent pursuant to 35 U.S.C. § 271.

16. As a result of Defendant's infringement of the '762 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,803,836

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Plaintiff owns by assignment U.S. Patent No. 8,803,836, entitled "Display device with touch panel." The '836 Patent was duly and legally issued by the United States Patent and Trademark Office on August 12, 2014.

19. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("'836 Accused Products"), such as the BOE OLED panel supplied to Valve and included in the Steam Deck, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '836 Patent. Defendant is liable for infringement of the '836 Patent pursuant to 35 U.S.C. § 271(a).

20. Defendant also knowingly and intentionally induces infringement of one or more claims of the '836 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendant has had knowledge of the '836 Patent and the infringing nature of the '836 Accused Products. Despite this knowledge of the '836 Patent, Defendant continues to actively encourage and instruct its direct and indirect customers to directly infringe the '836 Patent. For example, on information and belief, Defendant specifically instructs Valve or manufacturers associated with Valve to make, use, sell, offer for sale, and import devices that meet all the limitations of one or more claims of the '836 Patent. On information and belief, Defendant takes similar actions with other customers. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its customers, to directly infringe one or more claims of the '836 Patent because Defendant had knowledge of the '836 Patent and actively induced others (*e.g.*, its direct and indirect customers) to directly infringe the '836 Patent.

21. Defendant also contributorily infringes pursuant to 35 U.S.C. § 271(c) by making, using, selling, offering to sell, commercially distributing, and/or importing the '836 Accused Products, knowing that they constitute a material part of the invention, are especially made or

adapted for use in infringement, and are not staple articles of commerce capable of substantial non-infringing use.

22. The '836 Accused Products satisfy all claim limitations of one or more claim of the '836 Patent. A claim chart comparing independent claim 8 of the '836 Patent to representative '836 Accused Products is attached as Exhibit 2.

23. By making, using, offering for sale, selling and/or importing into the United States the '836 Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '836 Patent pursuant to 35 U.S.C. § 271.

24. As a result of Defendant's infringement of the '836 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,250,758

25. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. Plaintiff owns by assignment U.S. Patent No. 9,250,758, entitled "Display device with touch panel." The '758 Patent was duly and legally issued by the United States Patent and Trademark Office on February 2, 2016.

27. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("'758 Accused Products"), such as the BOE OLED panel supplied to Valve and included in the Steam Deck, that directly infringe, literally and/or under the doctrine of

equivalents, one or more claims of the '758 Patent. Defendant is liable for infringement of the '758 Patent pursuant to 35 U.S.C. § 271(a).

28. Defendant also knowingly and intentionally induces infringement of one or more claims of the '758 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendant has had knowledge of the '758 Patent and the infringing nature of the '758 Accused Products. Despite this knowledge of the '758 Patent, Defendant continues to actively encourage and instruct its direct and indirect customers to directly infringe the '758 Patent. For example, on information and belief, Defendant specifically instructs Valve or manufacturers associated with Valve to make, use, sell, offer for sale, and import devices that meet all the limitations of one or more claims of the '758 Patent. On information and belief, Defendant takes similar actions with other customers. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its customers, to directly infringe one or more claims of the '758 Patent because Defendant had knowledge of the '758 Patent and actively induced others (*e.g.*, its direct and indirect customers) to directly infringe the '758 Patent.

29. Defendant also contributorily infringes pursuant to 35 U.S.C. § 271(c) by making, using, selling, offering to sell, commercially distributing, and/or importing the '758 Accused Products, knowing that they constitute a material part of the invention, are especially made or adapted for use in infringement, and are not staple articles of commerce capable of substantial non-infringing use.

30. The '758 Accused Products satisfy all claim limitations of one or more claim of the '758 Patent. A claim chart comparing independent claim 1 of the '758 Patent to representative '758 Accused Products is attached as Exhibit 3.

31. By making, using, offering for sale, selling and/or importing into the United States the '758 Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '758 Patent pursuant to 35 U.S.C. § 271.

32. As a result of Defendant's infringement of the '758 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,507,477

33. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

34. Plaintiff owns by assignment U.S. Patent No. 9,507,477, entitled "Display device." The '477 Patent was duly and legally issued by the United States Patent and Trademark Office on November 29, 2016.

35. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("'477 Accused Products"), such as the BOE OLED panel supplied to Valve and included in the Steam Deck, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '477 Patent. Defendant is liable for infringement of the '477 Patent pursuant to 35 U.S.C. § 271(a).

36. Defendant also knowingly and intentionally induces infringement of one or more claims of the '477 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendant has had knowledge of the '477 Patent and the infringing nature of the '477 Accused Products. Despite this knowledge of the '477 Patent, Defendant continues to actively encourage and instruct its direct and indirect customers to directly infringe the '477 Patent. For example, on information and belief, Defendant specifically instructs Valve or manufacturers associated with Valve to make, use, sell, offer for sale, and import devices that meet all the limitations of one or more claims of the '477 Patent. On information and belief, Defendant takes similar actions with other customers. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its customers, to directly infringe one or more claims of the '477 Patent because Defendant had knowledge of the '477 Patent and actively induced others (*e.g.*, its direct and indirect customers) to directly infringe the '477 Patent.

37. Defendant also contributorily infringes pursuant to 35 U.S.C. § 271(c) by making, using, selling, offering to sell, commercially distributing, and/or importing the '477 Accused Products, knowing that they constitute a material part of the invention, are especially made or adapted for use in infringement, and are not staple articles of commerce capable of substantial non-infringing use.

38. The '477 Accused Products satisfy all claim limitations of one or more claim of the '477 Patent. A claim chart comparing independent claim 12 of the '477 Patent to representative '477 Accused Products is attached as Exhibit 4.

39. By making, using, offering for sale, selling and/or importing into the United States the '477 Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '477 Patent pursuant to 35 U.S.C. § 271.

40. As a result of Defendant's infringement of the '477 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 11,126,025

41. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42. Plaintiff owns by assignment U.S. Patent No. 11,126,025, entitled "In-cell touch panel." The '025 Patent was duly and legally issued by the United States Patent and Trademark Office on September 21, 2021.

43. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("'025 Accused Products"), such as the BOE display/touch panel supplied to Amazon and included in the Amazon Fire HD10 tablet, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '025 Patent. Defendant is liable for infringement of the '025 Patent pursuant to 35 U.S.C. § 271(a).

44. Defendant also knowingly and intentionally induces infringement of one or more claims of the '025 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, Defendant has had knowledge of the '025 Patent and the infringing nature of the '025 Accused Products. Despite this knowledge of the '025 Patent, Defendant continues to actively

encourage and instruct its direct and indirect customers to directly infringe the '025 Patent. For example, on information and belief, Defendant specifically instructs Amazon or manufacturers associated with Amazon to make, use, sell, offer for sale, and import devices that meet all the limitations of one or more claims of the '025 Patent. On information and belief, Defendant takes similar actions with other customers. Defendant does so knowing and intending that its customers will commit these infringing acts. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that its actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its customers, to directly infringe one or more claims of the '025 Patent because Defendant had knowledge of the '025 Patent and actively induced others (*e.g.*, its direct and indirect customers) to directly infringe the '025 Patent.

45. Defendant also contributorily infringes pursuant to 35 U.S.C. § 271(c) by making, using, selling, offering to sell, commercially distributing, and/or importing the '025 Accused Products, knowing that they constitute a material part of the invention, are especially made or adapted for use in infringement, and are not staple articles of commerce capable of substantial non-infringing use.

46. The '025 Accused Products satisfy all claim limitations of one or more claim of the '025 Patent. A claim chart comparing independent claim 1 of the '025 Patent to representative '025 Accused Products is attached as Exhibit 5.

47. By making, using, offering for sale, selling and/or importing into the United States the '025 Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '025 Patent pursuant to 35 U.S.C. § 271.

48. As a result of Defendant's infringement of the '025 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patents and that they are valid, enforceable, and patent-eligible;

b. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

c. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest, and an award of an ongoing royalty for Defendant's post-judgment infringement in an amount according to proof;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees and costs against Defendant, and enhanced damages pursuant to 35 U.S.C. § 284;

e. Any and all injunctive and/or equitable relief to which Plaintiff may be entitled including without limitation ongoing royalties with respect to Defendant's infringement; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 28, 2025  Respectfully submitted,

/s/ Benjamin T. Wang

Benjamin T. Wang (CA SBN 228712)
Email: bwang@raklaw.com
Andrew D. Weiss (CA SBN 232974)
Email: aweiss@raklaw.com
Christian W. Conkle (CA SBN 306374)
Email: cconkle@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

**Attorneys for Plaintiff Paneltouch Technologies LLC**